# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **DB2017 LLC,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 18-CV-1741-N-BK** |
| | § | |
| **BANK OF AMERICA, NA,** | § | |
| **CHARLES E. REYNOLDS,** | § | |
| **DEFENDANTS.** | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management, including making findings and recommending a disposition of motions that seek to dispose of claims.  Now before the Court is Defendant Bank of America's ("BOA") *Motion to Dismiss*, Doc. 4, and Plaintiff's *Motion to Remand*, Doc. 7.  For the reasons that follow, Plaintiff's *Motion to Remand* should be **DENIED** and BOA's *Motion to Dismiss* should be **GRANTED**.

### I. PROCEDURAL BACKGROUND

In May 2018, Plaintiff filed a petition in state court against Defendants BOA and Charles E. Reynolds ("Reynolds"), raising a claim for quiet title and seeking a declaratory judgment and injunctive relief.  Doc. 1-4 at 14-18.  In support of his Petition, Plaintiff alleges that in October 2000, Russell and Jawuan Dabbs purchased a parcel of real property (the "Property") and, in connection therewith, signed a promissory note that was secured by a deed of trust (the "Dabbs Lien").  Doc. 1-4 at 12.  The Dabbs thereafter conveyed the Property to Reynolds.  Doc. 1-4 at 12.  The Property was foreclosed on through a sheriff's sale in July 2016, at which Plaintiff

purchased the Property subject to the Dabbs Lien. Doc. 1-4 at 12. Plaintiff subsequently notified BOA that it had purchased the Property and attempted to determine the status of the loan and payoff amount, but BOA failed to provide the information to Plaintiff and then posted the Property for a foreclosure sale in June 2018. Doc. 1-4 at 13. In addition to a quiet title claim, Plaintiff seeks a declaratory judgment that (1) Reynolds cannot challenge Plaintiff's ownership of the Property in the future; and (2) BOA did not properly comply with state law in accelerating the mortgage debt and notifying Plaintiff of the foreclosure proceedings. Doc. 1-4 at 13-15.

BOA removed the case to this Court on the basis of diversity jurisdiction, alleging that (1) Plaintiff is a domestic entity doing business under Texas law; (2) BOA is a citizen of North Carolina; (3) the amount in controversy exceeded $75,000.00; and (4) Defendant Reynolds – also a Texas resident− had been fraudulently joined to defeat diversity jurisdiction. Doc. 1 at 2-6. BOA now moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 4, and Plaintiff has moved to remand the case to state court, Doc. 7. In light of the motion to remand, the Court will first consider whether it has subject matter jurisdiction. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter").

## II.  SUBJECT MATTER JURISDICTION

### A.  Parties' Jurisdictional Arguments

Plaintiff argues in its brief in support of the *Motion to Remand* that this Court lacks subject matter jurisdiction because Plaintiff has properly pled a viable cause of action for declaratory relief against Reynolds under Texas Civil Practice and Remedies Code chapter 37.

Doc. 8 at 5-6.   In response, BOA argues that Plaintiff has no "concrete dispute" with Reynolds and none of its causes of action are directed at Reynolds, who is not attempting to foreclose on the Property.   Doc. 12 at 1, 4.   BOA notes that Plaintiff does not allege that Reynolds is asserting any claim to Plaintiff's alleged title or otherwise interfering with Plaintiff's claim to the Property, and thus Plaintiff has merely raised a hypothetical controversy with Reynolds.   Doc. 12 at 5-6.

## B.    Applicable Law

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court.   28 U.S.C. §§ 1441(a), (b).   A federal district court has original jurisdiction over an action between citizens of different states when the amount in controversy exceeds $75,000.00.   28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable where the amount-in-controversy threshold is met.   28 U.S.C. § 1441.   The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.   *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).   A plaintiff may move to remand an action on the basis of any defect in the removal procedure, other than subject matter jurisdiction, within 30 days of removal.   28 U.S.C. § 1447(c).   Removal statutes are strictly construed in favor of remand and against removal.   *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation.

3

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).   There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case.

The removing party carries a heavy burden when asserting fraudulent joinder. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).   The removing party must show that there is no possibility that the plaintiff can state a claim against the non-diverse defendant in state court.  *Id.*   When determining whether the plaintiff is able to state a claim against the non-diverse party, the district court asks whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant.  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).   To make that determination, "[t]he court may conduct a Fed. R. Civ. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.   Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Id.* (footnote omitted).   The federal pleading standard, not the state pleading standard, applies when the court conducts the Rule 12(b)(6) analysis necessary to determine whether a plaintiff has failed to state a claim against a non-diverse defendant under state law.  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 201-02 (5th Cir. 2016).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

**C.    Jurisdictional Analysis**

Plaintiff does not make any direct allegations against Reynolds in its complaint. Indeed, it appears that Reynolds was never served with Plaintiff's petition, and he has never appeared in this case. Furthermore, there is no discernable factual basis for Plaintiff to sue Reynolds individually. As BOA correctly notes, Plaintiff seeks a declaration from this Court that Reynolds cannot, in the future, challenge the transfer of the Property to Plaintiff. This does not present a judicial dispute and, in fact, seeks an advisory opinion which this Court cannot countenance. *See Texas v. United States,* 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted); *Coffman v. Breeze Corp.,* 323 U.S. 316, 302-03 (1945) (holding that a federal court cannot render an advisory opinion on a controversy which has not yet arisen). Thus, it appears that Plaintiff has no possibility of recovering against Reynolds under Texas law, and the Court concludes that he has been improperly joined and should be disregarded for purposes of determining jurisdiction. *Great Plains,* 313 F.3d at 312.

The Court further finds that BOA is a citizen of North Carolina, where its main office is located. 28 U.S.C. § 1348 (statute governing the determination of the citizenship of a national

banking association); *Bank of Am., N.A. v. Fulcrum Enter., LLC*, 642 Fed. Appx. 334, 335 (5th Cir. 2016).   Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists. Doc. 1-4 at 11 (stating that "Plaintiff is a domestic entity doing business under the laws of the State of Texas.   In addition, the amount in controversy exceeds $75,000.00.   *See* Doc. 1-7 at 2 (Dallas County Tax Office 2017 statement assessing the value of the Property at $165,050.00); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (holding that the amount in controversy in an action seeking injunctive and declaratory relief to preclude foreclosure is the value of the subject property).   For the reasons set forth above, Plaintiff's *Motion to Remand*, Doc. 7, should be **DENIED**.   The Court next addresses BOA's *Motion to Dismiss*.

### III.   MOTION TO DISMISS

**A.  Quiet Title**

BOA contends that Plaintiff's quiet title claim fails because Plaintiff does not challenge BOA's interest under the deed of trust and thus has no basis for a quiet title action.   Doc. 4 at 3-4.   While not responding directly to BOA's quiet title argument, Plaintiff contends that BOA has refused to recognize it as the legal owner of the Property despite Plaintiff being the successful bidder at auction.   Doc. 10 at 5.   In the event the Court finds its pleadings insufficient, Plaintiff requests the opportunity to amend its complaint.   Doc. 10 at 6.

To prevail on a suit to quiet title, a plaintiff must show that: (1) it has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable.   *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex.App.– Texarkana 1991).   The plaintiff's goal in such an action is to have the defendant's claims to the property declared to be unfounded.   *See Temple Trust Co. v.*

*Logan*, 82 S.W.2d 1017, 1019 (Tex.Civ.App.– Amarillo 1935).   In a quiet title action, the

plaintiff must recover on the strength of its own title, not on the weakness of the defendant's

title.   *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001).

      In the instant case, Plaintiff's quiet title claim fails because it does not provide any

support for its claim to superior title in the Property.   Plaintiff acknowledges that it purchased

the property subject to the Dabbs Lien, which is the lien on which BOA is attempting to

foreclose.   Doc. 1-4 at 12-13; Doc. 1-4 at 24 (notice of substitute trustee's sale stating that the

deed of trust being foreclosed names the Dabbs as the grantors).   This Court recently dismissed

a similar quiet title action.   *See Olaoye v. Wells Fargo Bank, NA*, 4:11-CV-772-Y, 2012 WL

1082307, at *3 (N.D. Tex. Apr. 2, 2012) (Means, J.) (finding that the complaint contained no

facts indicating that the plaintiff had superior title to the property and dismissing the plaintiff's

suit to quiet title where the plaintiff made only a conclusory statement that he was the legal and

equitable owner of the property, he acknowledged that the property was sold at a foreclosure

sale, and his theory as to why the foreclosure sale should be voided was meritless).

Accordingly, Plaintiff has failed to state a valid quiet title claim.

**B.   Declaratory Judgment Action**

      BOA next urges that Plaintiff's declaratory judgment claim should be dismissed because

Plaintiff has alleged no facts to sustain a cause of action against it based on alleged defects in the

foreclosure notice because, *inter alia*, the only persons required to receive the statutory

foreclosure notices are those obligated to pay the underlying debt, which does not include

Plaintiff.   Doc. 4 at 4-6.

      Plaintiff's state declaratory judgment claim is construed as an action seeking relief under

the federal Declaratory Judgment Act.  *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act).   That Act provides that any federal court may declare the rights and legal relations of any interested party.   However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).   In this case, Plaintiff's request for declaratory relief is dependent upon the viability of its quiet title action, which the Court already has found to be meritless. Accordingly, Plaintiff's claim for declaratory relief should be dismissed as well.

### C.   Leave to Amend

In light of the foregoing, each of Plaintiff's claims are subject to dismissal with prejudice. As stated previously, Plaintiff requests leave to amend its complaint should the Court find its pleadings insufficient to state a claim.   Plaintiff has not previously amended its complaint and ordinarily should be granted leave to do so.   However, for all the reasons discussed herein, Plaintiff's claims are fatally flawed and cannot be cured by amendment.   Consequently, leave to amend should be denied.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's *Motion to* Remand, Doc. 7, should be **DENIED**, BOA's *Motion to Dismiss*, Doc. 4, should be **GRANTED**, and Plaintiff's claims should be

8

**DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 13, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).